IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHEDDRICK DEONDREA THOMAS,**

    Petitioner,

vs.

                                                            **CASE NO. 4:05cv440-MP/WCS**

**JAMES McDONOUGH,**

    Respondent.

                                            /

## REPORT AND RECOMMENDATION

This is an amended petition for writ of habeas corpus filed by Cheddrick Deodrea Thomas pursuant to 28 U.S.C. § 2254. Doc. 6. Petitioner challenges his conviction after trial by jury for armed robbery with a firearm in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida, case number 00-374CFA. Petitioner was sentenced to life in prison as a prison releasee reoffender. Respondent filed an answer and the record, doc. 8, and Petitioner filed a traverse, doc. 9. Respondent concedes that the petition was timely filed and that Petitioner has exhausted his state court remedies as to his one claim of ineffective assistance of counsel.

## Section 2254 Standard of Review

For claims that were properly exhausted and adjudicated in state court, this court's review is limited.  A petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d)(1) and (2).

The law governing ineffective assistance of counsel claims was clearly established in Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984).  Under the two part test of Strickland, Petitioner must demonstrate both deficient performance and prejudice to the outcome.

To establish deficient performance, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  In reviewing the claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.

For prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694, 104 S.Ct. at 2068.  Although Strickland explained the

performance and prejudice prongs of analysis, "there is no reason . . . to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."  466 U.S. at 697, 104 S.Ct. at 2069.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  *Id.*

**Legal analysis**

Petitioner contends that he was denied effective assistance of counsel because his attorney failed to ask for a jury instruction for robbery with a weapon as a lesser included offense of robbery with a firearm.  He argues that even if the evidence was clear that the weapon used was a firearm, the jury should have been given the option of granting him a "jury pardon."

When it rejected this claim, the trial court cited the Strickland standard and then reasoned:

> Defendant in Ground One of his motion claims that counsel was ineffective in failing to request Robbery With a Weapon as a necessary lesser included offense to Robbery With a Firearm.  Unfortunately, Defendant in advancing his argument chooses to ignore the fact that throughout the trial and through the verdict it was Defendant's position that he was not present at the time the crime was committed.  (Exhibit G, Trial Transcript P. 32, l. 5 through P. 33, l. 18; Exhibit H, TT [Trial Transcript], P. 153, l. 3 through P. 155, l. 16, and P. 158, l. 14 through P. 159, l. 19)  Further, Defendant chooses to ignore the fact that an examination of the record clearly reveals that defense counsel's decision not to request a jury instruction on Robbery With a Weapon was a tactical decision and made after much discussion at the charge conference with the Court.  (Exhibit I, TT [Trial Transcript], P.128, l. 4 through P. 137, l. 3)  Defendant has failed to demonstrate that counsel was ineffective or that he suffered any prejudice.  Further, Defendant admits in his motion that there was no evidence presented that the weapon used in the offense was anything other than a firearm.

Ex. N (paragraph number omitted).

The trial court's ruling is supported by the trial record.  The date of the robbery was January 13, 2000.  Ex. A, information.  Petitioner's defense was that he was not present when the offense was committed.  In opening statement, Petitioner's attorney argued that the evidence would show that he did not commit the armed robbery and that he had alibi witnesses.  Ex. B (Trial Transcript), pp. 32-33.

Petitioner testified that Thursday, January 13, 2000, was a "mandatory workday" at his work.  *Id.*, p. 151.  He said that it was "the busiest days [sic] at the car wash, and if we don't show up, then we'll get fired."  *Id.*  He said that other than the fact that January 13th was a mandatory workday, there was nothing about that day that he considered to have been unusual.  *Id.*, p. 154.  He denied that he ever robbed the food and grocery store in Sawdust, and he denied committing the robbery of that store on January 13, 2000.  *Id.*, p. 155.  He asserted that he was at work all day.  *Id.*, p. 159.

Terrance Hall testified as an alibi witness.  Hall worked at the same car wash.  Hall said that Thursdays, Fridays, and Saturdays at the car wash were mandatory work days, and he said that Petitioner came to work on January 13, 2000.  *Id.*, pp. 162-163.

Petitioner's attorney spent some time with the trial court and the prosecutor, going over the lesser included offenses.  The jury was charged with the lesser included offenses of simple robbery and grand theft.  *Id.*, pp. 196-197.  During the charge conference, Petitioner's attorney objected to a charge of attempted robbery, reasoning "we're going to have enough confusion with the category one lessers . . . ."  *Id.*, p. 128.  He said:  "So I think the only lessers that we're going to have are those category ones of robbery and grand theft."  *Id.*

The state court's adjudication of the merits was not contrary to, nor an unreasonable application of, Strickland and that court did not make an unreasonable determination of the facts in light of the evidence presented at trial.  Moreover, though not discussed by the state trial court, Petitioner's ineffectiveness claim is based upon a faulty premise.  The possibility of a jury pardon is not a permissible part of the calculus of prejudice to the outcome for a claim of ineffective assistance of counsel.

> In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law.  An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, "nullification," and the like.  A defendant has no entitlement to the luck of a lawless decisionmaker, even if a lawless decision cannot be reviewed.

Strickland, 466 U.S. at 694-695, 104 S.Ct. at 2068.  *See also* Williams v. McDonough, 2006 WL 1687836, No. 4:04cv496-RH/WCS (N.D. Fla., June 15, 2006).

**Conclusion**

Accordingly, it is **RECOMMENDED** that 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Cheddrick Deondrea Thomas challenging his conviction for armed robbery with a firearm in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida, case number 00-374CFA, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on November 27, 2006.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**